IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITESH AHUJA | : | |
| 809 Market Street E | : | |
| Gaithersburg, Maryland 20878 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. |
| | : | |
| ERICSSON, INC. | : | |
| 6300 Legacy Drive | : | |
| Plano, Texas 75024 | : | |
| | : | |
| and | : | |
| | : | |
| ERICSSON STANDARD | : | |
| SEVERANCE PAY PLAN | : | |
| 6300 Legacy Drive | : | |
| Plano, Texas 75024 | : | |
| | : | |
| and | : | |
| | : | |
| ERICSSON TOP CONTRIBUTOR | : | |
| ENHANCED SEVERANCE PAY | : | |
| PLAN OF 2004 | : | |
| 6300 Legacy Drive | : | |
| Plano, Texas 75024 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff Ritesh Ahuja, through his counsel of record, Smith, Lease & Goldstein, LLC, hereby files his Complaint against Defendants Ericsson, Inc., Ericsson Standard Severance Plan and Ericsson's Top Contributor Enhanced Severance Pay Plan of 2004.

## PARTIES

1.  Plaintiff Ritesh Ahuja ("Plaintiff") is an individual resident of the State of Maryland.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW
11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

2. Defendant Ericsson, Inc. ("Ericsson") is a Delaware corporation that regularly conducts business in the State of Maryland and, at all times relevant hereto, maintained an office in Montgomery County, Maryland. Ericsson may be served with process by serving its Registered Agent, National Registered Agents, Inc. of Maryland located at 11 East Chase Street, Baltimore, Maryland 21202.

3. Defendant Ericsson Standard Severance Plan ("Standard Severance Plan") is a "welfare benefit plan" under the Employee Retirement Income Security Act, as amended ("ERISA"), and is subject to suit as an entity pursuant to 29 U.S.C. § 1132(d). The Standard Severance Plan may be served with process by serving its administrator, Ericsson, Inc. through its Registered Agent, National Registered Agents, Inc. of Maryland located at 11 East Chase Street, Baltimore, Maryland 21202.

4. Defendant Ericsson Top Contributor Enhanced Severance Plan of 2004 ("Enhanced Severance Plan") is a "welfare benefit plan" under the Employee Retirement Income Security Act, as amended ("ERISA"), and is subject to suit as an entity pursuant to 29 U.S.C. § 1132(d). The Enhanced Severance Plan may be served with process by serving its administrator, Ericsson, Inc. through its Registered Agent, National Registered Agents, Inc. of Maryland located at 11 East Chase Street, Baltimore, Maryland 21202.

## JURISDICTION AND VENUE

5. This action arises under the laws of the United States, 29 U.S.C. § 1001 *et. seq.* This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

6. All Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to this suit occurred in this judicial district and the breach of the Standard

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

and Enhanced Severance Plans took place in this judicial district; accordingly, venue is proper herein pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e).

## FACTUAL ALLEGATIONS

7. At all times relevant hereto, Plaintiff was employed by Ericsson IP Infrastructure, Inc., a wholly owned subsidiary of Defendant Ericsson (Ericsson IP Infrastructure, Inc. and Ericsson shall hereinafter be collectively referred to as "Ericsson"), and worked at the company's research and development center located in Rockville, Maryland.

8. During his eight (8) years of employment with Ericsson, Plaintiff held various high-level technical positions; most recently, Plaintiff was employed as a Systems Architect at the company's Rockville office.

9. During his entire tenure with Ericsson, Plaintiff's performance ratings were consistently superior and he was considered by to be a key member of the organization by senior management.

10. As an employee of Ericsson, Plaintiff was eligible to participate in Ericsson's Standard Severance Plan, a plan that was intended to be administered as an employee welfare benefit plan pursuant to ERISA. A true and correct copy of the Standard Severance Plan is attached hereto as part of composite Exhibit A(1).

11. Pursuant to the terms of the Standard Severance Plan, Plaintiff was eligible for severance compensation (the amount of which was based upon years of service) in the event he experienced an employment loss due to "an involuntary termination initiated by Ericsson in the form of a permanent layoff or reduction-in-force."

12. Under the terms of the Standard Severance Plan, employees terminated in the context of a merger, sale or other transaction with another entity are <u>not</u> eligible to receive

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

benefits under the Standard Severance Plan if offered continued employment with the successor entity.

15. However, according to Ericsson's own interpretation of the Standard Severance Plan, employees are eligible to receive benefits under the plan if, during the course of an internal consolidation requiring relocation, an employee is offered, but declines, continued employment with Ericsson that involves relocation to a different geographic locale.

14. As a result of ongoing turbulence in the telecommunications industry, Ericsson also implemented the Enhanced Severance Plan for certain of its key employees as a retention tool to provide these employees with an incentive to remain with the company despite the instability within the company and the industry as a whole. A true and correct copy of the Enhanced Severance Plan is attached hereto as Exhibit B.

15. By letter dated March 22, 2004, Ericsson notified Plaintiff that he had been identified by senior management as "someone who is vital to the business interests of Ericsson, Inc." and that retaining his services as an employee was "of strategic importance to the company." A true and correct copy of Ericsson's March 22, 2004 letter is attached hereto as Exhibit A(2).

16. By virtue of his designation as a key employee of the organization, Plaintiff was invited to participate in the Enhanced Severance Plan that provided, in addition to the benefits provided under the Standard Severance Plan, an additional severance payment equal to six (6) months of Plaintiff's annual base salary in the event of a covered employment loss during the plan period (April 1, 2004 through September 30, 2005).

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520 ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

17. Like the Standard Severance Plan, benefits under the Enhanced Severance Plan are triggered by a separation from employment initiated by Ericsson "due to layoff or reduction in force."

18. As with the Standard Severance Plan, employees participating under the Enhanced Severance Plan are not eligible for enhanced severance benefits following a sale, merger or other transaction with another entity if the employee is offered continued employment with the successor entity. Specifically, the operative portion of paragraph 8b of the Enhanced Severance Plan provides as follows:

> <u>Sale or Merger of Ericsson.</u> Should all or part of Ericsson or its assets or business to which a participant is assigned be sold, assigned, transferred, spun-off, reorganized, or merged with another entity, the participant will not be eligible for Enhanced Severance Benefits under this Plan if he or she is offered continuing employment with such entity regardless of whether the participant accepts the offer of employment and regardless of whether such offer is on comparable terms and conditions as the employee's current employment.

19. Following adoption of the Enhanced Severance Plan, rumors concerning the future of the division in which Plaintiff was employed intensified and there were ongoing discussions concerning the closing of Ericsson's offices in Raleigh, North Carolina and/or Rockville.

20. Despite the rumors, in reliance upon the benefits to which he would be eligible under both the Standard and Enhanced Severance Plans in the event of a lay-off or reduction in force, Plaintiff elected to remain with Ericsson and not seek a position outside the company.

21. In approximately March 2005, Plaintiff learned that Ericsson planned to close its Rockville office and relocate and consolidate its operations in Raleigh, North Carolina.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

5

22. All of Ericsson's Rockville employees were to be offered the option of relocating to North Carolina and continuing employment.

23. On May 2, 2005, Plaintiff received a letter from John Moon, Ericsson's Director of Human Resources, confirming the relocation of the Rockville office and Ericsson's offer of a transfer to the Raleigh office. According to Mr. Moon, the transfer offer was the "result of the consolidation of Ericsson IPI's Rockville and Raleigh offices." A true and correct copy of Mr. Moon's letter is attached hereto as Exhibit A(3).

24. According to Mr. Moon, employees who declined Ericsson's offer to relocate to Raleigh were eligible for severance under the terms of the Standard Severance Plan.

25. As the operative provisions of the Standard Severance Plan and Enhanced Severance Plan were nearly identical with respect to eligibility for severance in the event of an internal consolidation, Plaintiff was also entitled to severance benefits under the Enhanced Severance Plan in the event he declined Ericsson's offer to relocate to North Carolina.

26. Plaintiff declined to sign the May 2, 2005 offer letter and, on May 17, 2005, received a letter from Ericsson confirming his impending lay off and separation from the company. A true and correct copy of Ericsson's May 17, 2005 letter is attached hereto as Exhibit A(5).

27. Following receipt of the notice of his impending layoff, Plaintiff continued to report to work and fulfill his job responsibilities in a professional fashion.

28. On or about June 16, 2005, just prior to his scheduled layoff, Plaintiff received a Release and Severance Agreement from Ericsson, in which Ericsson agreed to provide Plaintiff with benefits under the Standard Severance Plan in exchange for a general release of claims. A

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

6

true and correct copy of the Release and Severance Agreement is attached hereto as Exhibit A(6).

29. Notably, paragraph 1 of the Release and Severance Agreement entitled "Reason for Termination," expressly states that "[Plaintiff] has been selected for layoff due to the relocation of Ericsson IPI's offices from Maryland to North Carolina."

30. Although he was entitled to receive severance benefits under the Standard Severance Plan -- a fact acknowledged by Ericsson -- Plaintiff was forced to defer signing the Release and Severance Agreement as signing the document would operate to divest him of his right to receive benefits under the Enhanced Severance Plan to which he was also entitled.

31. Plaintiff was laid off effective June 17, 2005.

32. In violation of paragraph 10 of the Enhanced Severance Plan, Ericsson failed to provide notice to Plaintiff of his entitlement to benefits under the plan.

33. Accordingly, by letter dated June 29, 2005, Plaintiff, through counsel, made an initial claim for benefits under the Enhanced Severance Plan and requested a complete copy of the Plan and all related Plan documents. A true and correct copy of the June 29, 2005 letter is attached hereto as Exhibit C.

34. By letter dated July 7, 2005, but sent by Ericsson on July 13, 2005, Ericsson declined to provide Plaintiff with benefits under the Enhanced Severance Plan and failed to provide a copy of the Plan and related documents as was required under the provisions of ERISA. A copy of the July 7, 2005 letter is attached hereto as Exhibit A(7).

35. According to its letter, Ericsson's decision to deny Plaintiff's benefits under the Enhanced Severance Plan was based solely on paragraph 8b of the Plan, which only pertains to

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

7

eligibility for benefits in the context of a "sale or merger of Ericsson" where an employee is offered continued employment with the successor entity.

36. Given that the internal consolidation did not involve a "sale or merger" with another entity, paragraph 8b of the Enhanced Severance Plan was not applicable to Plaintiff's claim and does not operate to divest Plaintiff of his right to receive benefits under the Plan.

37. By letter dated September 9, 2005, in accordance with the claims procedure set forth in the Enhanced Severance Plan, Plaintiff timely appealed Ericsson's denial of his claim for benefits and submitted a detailed written statement describing the basis for his claims and attaching relevant documentation. A true and correct copy of Plaintiff's September 9, 2005 letter with attachments is attached hereto as composite Exhibit A.

38. On November 8, 2005, Ericsson denied Plaintiff's appeal and advised Plaintiff of his right to file suit. A true and correct copy of Ericsson's November 8, 2005 letter is attached hereto as Exhibit D.

39. To date, Plaintiff has not received severance benefits under the Standard Severance Plan.

## COUNT I

### ERISA Violation – Wrongful Denial of Benefits

35. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 39 above as if fully restated herein.

36. Plaintiff was eligible to participate in Ericsson's Standard Severance Plan and its Enhanced Severance Plan.

37. The circumstances underlying the termination of Plaintiff's employment relationship with Ericsson constitute an involuntary termination pursuant to the terms of both the

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520 ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

8

Standard Severance Plan and the Enhanced Severance Pay Plan, thereby entitling Plaintiff to a lump sum severance payment of $111,845.37, an amount equivalent to nine (9) months of his annual base salary.

38. Defendants' decision to condition payment of Plaintiff's severance under the Standard Severance Plan on Plaintiff's relinquishment of his rights under the Enhanced Severance Plan was patently unreasonable, violates the provisions of the Standard Severance Plan and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.*

39. Defendant's decision to deny Plaintiff severance pay under the terms of the Enhanced Severance Plan was patently unreasonable, contrary to the provisions of the Plan and violates the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.*

40. By virtue of Defendants' actions, Plaintiff has suffered damages of $111,845.37, an amount equivalent to nine (9) months of Plaintiff's base salary.

41. Plaintiff is authorized to bring this action to recover benefits due to him under the Standard Severance Plan and Enhanced Severance Plan pursuant to the provisions of 29 U.S.C. § 1132(a)(1)(B).

42. Plaintiff has complied with all prerequisites and satisfied all conditions precedent to the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, jointly and severally, as follows:

(a) Severance benefits in the amount of $111,845.37 or such other amount as may be established at trial;

(b) Attorney's fees and costs;

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

  (c)  pre judgment and post judgment interest at the highest rate allowed by law; and

  (d)  such other and further relief as the Court deems just and proper.

            Respectfully submitted,

            SMITH, LEASE & GOLDSTEIN, LLC

     By:  _____/s/_____
            Marc J. Smith
            Bar No. 14355
            11 North Washington Street
            Suite 520
            Rockville, Maryland 20850
            (301) 838-8950

            Attorneys for Plaintiff